Loja-Cajamarca v. Blanche

BIA
Ouslander, IJ
A220 441 982/987/988

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JONNATHAN MANUEL LOJA-CAJAMARCA, ERIKA JACQUELINE DUCHIMAZA-PAUTA, JOSUE DAVID LOJA-DUCHIMAZA,

> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

23-7845
NAC

_____

FOR PETITIONERS:   Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:   Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jonnathan Manuel Loja-Cajamarca, Erika Jacqueline Duchimaza-Pauta, and their minor child, natives and citizens of Ecuador, seek review of an October 30, 2023, decision of the BIA affirming a December 14, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jonnathan Manuel Loja-Cajamarca, et al.*, Nos. A220 441 982/987/988 (B.I.A. Oct. 30, 2023), *aff'g* Nos. A220 441 982/987/988 (Immig. Ct. N.Y. City Dec. 14, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings, such

2

as a government's ability or willingness to control private actors, for substantial evidence. *See Scarlett v. Barr*, 957 F.3d 316, 326, 329–31 (2d Cir. 2020); *see also Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026); *Upadhyay v. Bondi*, No. 23-6228, 2025 WL 1554877, at *1 (2d Cir. June 2, 2025) (summary order) (reviewing agency's determination "that the government was unable or unwilling to protect" for substantial evidence). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A), (C); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett*, 957 F.3d at 328 (quotation marks omitted). "Under the unwilling-or-unable standard, a finding

3

of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted)). "[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior." *Scarlett*, 957 F.3d at 331 (quotation marks, brackets, and ellipsis omitted).

Here, the agency denied relief based on two independently dispositive grounds: (1) Loja-Cajamarca failed to show that the Ecuadorian government was "unable or unwilling to control" his past or potential future persecutors and (2) he failed to establish a nexus to a protected ground. Because the first determination is supported by substantial evidence, we do not reach the agency's alternative nexus determination. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Loja-Cajamarca alleged that his father physically abused him throughout his childhood and into adulthood, and that his father robbed him and burned

4

down his business.  Substantial evidence supports the agency's conclusion that Loja-Cajamarca failed to show that Ecuadorian officials had been or would be unable or unwilling to protect him from his father.  Loja-Cajamarca received an order of protection, the police stopped a theft by his father and retrieved stolen goods, and his testimony reflected that the police sometimes could not find his father or that there was insufficient evidence of the alleged offenses.  Given that the police responded and intervened in at least some instances, and as an inability to prevent or prosecute all crime is insufficient to meet the unable-or-unwilling-to-protect standard, the record does not compel a conclusion that the police condoned the abuse or were completely helpless to protect Loja-Cajamarca.  *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021) (holding that, under the substantial evidence standard, "we must uphold agency factfinding unless any reasonable adjudicator would be compelled to conclude to the contrary" (quotation marks omitted)); *Singh*, 11 F.4th at 114–15; *Scarlett*, 957 F.3d at 331.

We do not reach Loja-Cajamarca's CAT claim because he does not address it in his brief.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment."

5

(quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6